

# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 23277141**
**Date Processed: 06/01/2021**

| | |
|---|---|
| **Primary Contact:** | Sharon Brooks - MS 08-A<br>The Travelers Companies, Inc.<br>One Tower Square<br>Rm 8MS<br>Hartford, CT 06183-0001 |

| | |
|---|---|
| **Entity:** | Travelers Casualty Insurance Company of America<br>Entity ID Number 2317367 |
| **Entity Served:** | Travelers Casualty Insurance Company of America |
| **Title of Action:** | Weil tire & Automotive Inc vs. Travelers Casualty Insurance Company of America |
| **Matter Name/ID:** | Weil tire & Automotive Inc vs. Travelers Casualty Insurance Company of America (11277494) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Boone County Circuit Court, MO |
| **Case/Reference No:** | 21BA-CV01757 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 05/28/2021 |
| **Answer or Appearance Due:** | 30 days |
| **Originally Served On:** | MO - Dept of Commerce and Insurance on 05/26/2021 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Clark L Jones<br>573-449-2451 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

State of Missouri

# Department of Commerce and Insurance



**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
CSC-LAWYERS INCORPORATION SERVICE CO.
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**RE:** Court: Boone Co. Circuit Court, Case Number: 21BA-CV01757

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Wednesday, May 26, 2021.

*Chlora Lindley-Myers*

Director of Commerce and Insurance



# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

| Judge or Division: JEFF HARRIS | Case Number: 21BA-CV01757 | SOP RECEIPT DATE MAY 2 6 2021 MISSOURI DEPARTMENT OF COMMERCE AND INSURANCE SERVICE COPY |
|---|---|---|
| Plaintiff/Petitioner: WEIL TIRE AND AUTOMOTIVE INC vs. | Plaintiff's/Petitioner's Attorney/Address CLARK L JONES JONES SCHNEIDER AND STEVENS LLC 11 NORTH 7TH STREET COLUMBIA, MO 65201 | |
| Defendant/Respondent: TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | Court Address: 705 E Walnut COLUMBIA, MO 65201 | |
| Nature of Suit: CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
Alias:
C/O DIRECTOR OF INSURANCE
301 W HIGH STREET, ROOM 530
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**BOONE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_5/24/2021_  ___/s/Kelly Chamberlin___
Date                        Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____      _____
                         Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                                $_____
Non Est                                $_____
Sheriff's Deputy Salary
Supplemental Surcharge                 $___10.00___
Mileage                                $_____ (_____ miles @ $_____ per mile)
**Total**                              $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | |
|---|---|
| WEIL TIRE & AUTOMOTIVE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRAVELERS CASUALTY ) <br> INSURANCE COMPANY OF ) <br> AMERICA, ) <br> <u>Serve</u>: ) <br> Director of Insurance- Chlora ) <br> Lindley-Meyers, ) <br> 301 W High Street, Room 530 ) <br> Jefferson City, MO 65101 ) <br> ) <br> Defendant. ) | Case No. _____ |

## PETITION

COMES NOW Plaintiff, by and through undersigned counsel, and for its cause of action against Defendant states as follows:

1. Plaintiff is a Missouri corporation which at all times relevant herein was the lessee of the property at 1501 Old Hwy 63 South, Columbia, Missouri 65201 located in Boone County, Missouri (hereinafter "the Premises").

2. Defendant Travelers Casualty Insurance Company of America is an insurance company engaged in the business of property and casualty insurance and is licensed to do business in the state of Missouri.

3. Defendant is engaged in the selling of policies of liability, property and casualty insurance in this state and therefore amenable to service of process as allowed by RSMo § 375.906(2) and Rule 54.15 by service on the Director of Insurance.

4. Jurisdiction is proper in the state of Missouri pursuant to RSMo § 506.500(5) in that this lawsuit pertains to a contract for a policy of insurance entered into between Plaintiff and Defendant to insure property located within the state of Missouri.

5. Venue is proper in this Court pursuant to RSMo § 508.010 in that the

property for which the policy of insurance was procured is located in Boone County, Missouri and Plaintiff was first injured in Boone County, Missouri.

6. Plaintiff purchased a policy of insurance from Defendant (hereinafter the "Policy"), to insure against losses to its business personal property, inventory, loss of income and other items in connection with Plaintiff's business located at 1501 Old Hwy 63 South, Columbia, Missouri 65201 (hereinafter "the Premises") as set forth in the Policy, which was in effect when the underlying covered event occurred.

7. The Policy promised to insure Plaintiff against losses caused by fire.

8. The Policy was numbered I-680-3643R772-ACJ-10 with effective coverage dates of June 17, 2010 through June 17, 2011 (hereinafter "the Coverage Term").

9. The limit of insurance with respect to Plaintiff's coverage under the terms and conditions of the Policy was $2,000,000.00 at the time the Policy was issued and for the duration of the Coverage Term.

10. On or about May 24, 2011, a date within the Coverage Term, Plaintiff sustained losses as a result of a fire at the Premises.

11. The aforementioned fire was a "covered peril" within the terms of the Policy and for which coverage was provided pursuant to the terms and conditions of the Policy.

12. Subsequent to May 24, 2011, Defendant agreed to, and in fact did, pay for some of the Plaintiff's losses attributable to the fire which occurred on or about May 24, 2011.

13. To date, Defendant has paid to Plaintiff the total amount of $354,886.78 in connection with damages to the Premises sustained attributable to the fire on or about May 24, 2011.

14. This aforementioned amount does not adequately compensate Plaintiff for its actual losses in that the damages to its business personal property, inventory, loss of income and other items covered under the Policy exceed $354,886.78.

15. Despite Plaintiff's repeated demands, no additional monies have been paid to Plaintiff on account of Plaintiff's losses attributable to the fire which occurred on or about May 24, 2011.

16. Following the fire which occurred on or about May 24, 2011, Plaintiff took

appropriate and necessary measures to protect it's insurable property from further damage or loss.

17. Following the fire which occurred on or about May 24, 2011, Plaintiff timely notified Defendant of the occurrence.

18. As of May 24, 2011 and at all relevant times herein, Plaintiff has been current with respect to its premium payments in connection with the Policy and has at all times herein adhered to all other material obligations imposed upon Plaintiff as set forth in the Policy.

## COUNT I – Breach of Contract

19. Plaintiff incorporates by reference each and every preceding allegation as if they were fully stated herein.

20. On or about June 17, 2010, Defendant accepted the Policy with Plaintiff for a period of one year, up to and including June 17, 2011.

21. The Policy provided up to $2,000,000.00 in coverage to Plaintiff as set forth in the declarations section of the Policy.

22. Plaintiff has met all of its contractual obligations by fully paying all premiums due in connection with the Policy and otherwise adhering to all material obligations imposed upon Plaintiff in connection therewith.

23. Following the fire which occurred on or about May 24, 2011, Plaintiff made timely demand for payment upon Defendant for its losses sustained.

24. Defendant has breached its contract with Plaintiff in the following respects:

    a. By failing and/or refusing to pay the total amount of the losses incurred by Plaintiff associated with repair and/or replacement of Plaintiff's business personal property and inventory.

    b. By failing and/or refusing to adequately compensate Plaintiff for its loss of income as required pursuant to the terms and conditions of the Policy.

    c. By failing and/or refusing to pay Plaintiff's operating expenses when they came due during the period Plaintiff was not able to conduct business at the Premises as a result of the fire which occurred on or about May 24, 2011.

25. As a direct and proximate result of the Defendant's breach of contract as

set forth above, Plaintiff has suffered harm and damage in an amount in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant for its actual damages incurred herein, for pre-judgment interest at the statutory rate of 9.0% per annum, for its costs expended herein and for such other and further relief as the Court deems just and proper.

## COUNT II – Vexatious Refusal

26. Plaintiff incorporates by reference each and every preceding allegation as if they were fully stated herein.

27. The Policy conferred a duty upon Defendant to provide coverage to Plaintiff for losses incurred to the Premises resulting from fire, such as the one which occurred on or about May 24, 2011, during the Coverage Term.

28. Defendant has breached its duty by failing and/or refusing to pay to Plaintiff the total amount of its losses as more fully described in Paragraph 24, above, despite the applicable limits of coverage not having been reached.

29. RSMo § 375.420 provides as follows:

> *In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightening, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and then percent of the amount of the loss in excess of fifteen hundred and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.*

30. The acts of Defendant as aforesaid throughout this Petition in refusing to pay Plaintiff the total amount of its losses incurred as a result of the fire are without just reasonable cause or excuse and therefore entitle Plaintiff to statutory damages, including penalties and attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant for 20% of the first $1,500.00 of its loss and 10% of the amount in excess of $1,500.00, together with Plaintiff's reasonable attorney's fees and court costs and for such other and further relief as the Court

deems just and proper.

Respectfully Submitted,

*/s/ Clark L. Jones*
CLARK L. JONES                    #61463
Rule 55.03(a) Certificate: Original signed by Clark L. Jones
JONES, SCHNEIDER AND STEVENS, LLC
11 North Seventh Street
Columbia, MO 65201
Phone No. (573) 449-2451
Fax No. (573) 443-8620
E-mail: clj@11-7law.com

*Attorney for Plaintiff*

**MISSOURI DEPARTMENT OF COMMERCE AND INSURANCE**
PO BOX 690
JEFFERSON CITY, MO 65102-0690



CERTIFIED MAIL

7014 1820 0000 3629 8551



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 65109 $ 007.65
02 4W
0000343984 MAY 27 2021

FIRST CLASS MAIL

TRAVELERS CASUALTY
INSURANCE COMPANY OF
AMERICA
CSC-LAWYERS
INCORPORATION SERVICE CO.
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101



1st NOTICE
2nd NOTICE
RETURNED